```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

IN RE: VANCE FAMBER, JR.,       {   CHAPTER 13
                                {
                                {
       DEBTOR(S)                 {   CASE NO. R22-40479-BEM
                                {
                                {   JUDGE ELLIS-MONRO
```

**OBJECTION TO CONFIRMATION**

COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s)' payments under the proposed plan are not current.

2. The Chapter 13 petition fails to include a debt owed to the Internal Revenue Service, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. § 1325(a)(3).

3. The proposed plan fails to provide for the treatment of the Internal Revenue Service. However, said creditor has filed a priority claim.

4. Though the proposed Chapter 13 plan includes text in Section 3.3, the appropriate box has not been checked for that section, possibly rendering the proposed provision ineffective.

5. Debtor(s)' Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. §§ 1325(a)(3) and 1325(a)(7); specifically, Schedule C omits an exemption code.

6. The payout of the claim(s) owed to Courtesy Finance will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

7. The Chapter 13 plan fails to provide for the assumption and funding or rejection of executory contract owed to Clyde Teasley for a residential lease. 11 U.S.C. § 365(b)(1)(C).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
sonyab@atlch13tt.com

      8.  Schedule G fails to reflect the Debtor(s)' executory contract with Clyde Teasley for a residential lease. 11 U.S.C. § 342, Fed. R. Bankr. P 1007(b).

      9.  The funding of post-petition lease installments has not been maintained in the above-styled Chapter 13 case, possibly indicating that the present budget and proposed plan are infeasible.  11 U.S.C. § 1325 (a)(6).

      WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

      June 15, 2022

                                  _____/s/_____
                                  Sonya Buckley Gordon, Attorney
                                  for Chapter 13 Trustee
                                  GA Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
sonyab@atlch13tt.com

R22-40479-BEM

**CERTIFICATE OF SERVICE**

    This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

VANCE FAMBER, JR.
P.O. BOX 6762
DALTON, GA 30722

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

SAEGER & ASSOCIATES, LLC

This 15th day of June, 2022

        /s/
Sonya Buckley Gordon, Attorney
for Chapter 13 Trustee
GA Bar No. 140987

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave, NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
sonyab@atlch13tt.com